**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

EDDIE S. WATKINS, III,                                                              PLAINTIFF
ADC # 084056

v.                                          3:26CV00011-DPM-JTK

BEN SLOCUM, et al.                                                               DEFENDANTS

## ORDER

Eddie S. Watkins, III ("Plaintiff") is an inmate at Grimes Unit of the Arkansas Division of Correction ("ADC"). Plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 2). Plaintiff also filed a Motion to Proceed in forma pauperis, which the Court granted. (Doc. Nos. 4, 5). The Court must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA").

**I.      Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 570 (2007).   In reviewing a <u>pro</u> <u>se</u> complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

## II.      Facts and Analysis

Plaintiff's Complaint is the operative pleading in this case.   Plaintiff named as Defendants in their personal and official capacities the following individuals:   Ben Slocum, CEO/President, Wellpath Heath; Kerstein, Dr., Grimes Unit, ADC; D. Delgoto, CNA, Wellpath, Grimes Unit, ADC; Howard, Wellpath, Grimes Unit, ADC; L. Teague, Medical Administrator, Wellpath, Grimes Unit, ADC; and A. Jackson, Director of Nurses, Wellpath, Grimes Unit, ADC.   (Doc. No. 2 at 1-3).

Plaintiff arrived at the Grimes Unit on October 1, 2025.   (<u>Id</u>. at 5).   On or around October 7, 2025, Plaintiff had a telehealth visit scheduled with Defendant Kerstein.   (<u>Id</u>.).   Plaintiff explains that he filed a grievance against Defendant Kerstein "years prior."   (<u>Id</u>.).   When Plaintiff realized he would be seeing Defendant Kerstein during the telehealth visit, Plaintiff refused the visit and informed Defendant Delgoto of his decision.   (<u>Id</u>.).   Defendant Kerstein then directed that Plaintiff's medications and scripts "all be taken."   (<u>Id</u>.).   Plaintiff asserts that Defendant Kerstein acted in retaliation for Plaintiff's earlier grievance.   (Doc. No. 2 at 6).

Plaintiff alleges that the Wellpath CEO Ben Slocum informed Defendants "to take away much stuff to inmates, due to them saving the company money at the reckless and dangerous expense of myself and other inmates."   (<u>Id</u>. at 7).

On November 11, 2025, Plaintiff saw a provider who reinstated Plaintiff's script for a cane, medical shoes, and lower bunk.   (<u>Id</u>. at 8).   But Plaintiff "had to put back in to be seen" to be

2

placed back on his medications.  (Id.).  Despite Plaintiff's requests to see someone other than Defendant Kerstein, Plaintiff learned he had been scheduled for an appointment with Defendant Kerstein.  (Id.).  Plaintiff again refused the visit.  (Id.).  The following day, Defendant Delgoto told Defendant Kerstin to take Plaintiff's cane, because Defendant Kerstein had taken the cane for case a month earlier.  (Doc. No. 2 at 8).  Plaintiff maintains "this was clearly the[m] conspiring in retaliation and deliberate indifference."  (Id.).  Plaintiff further alleges all Defendants were deliberately indifferent to his serious medical needs.  (Id. at 5-9).  Plaintiff seeks damages, among other relief.  (Id. at 9-10).

### A.      Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983.   "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."   Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).   Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.   See Iqbal, 556 U.S. at 678.

Plaintiff's claims revolve around Defendant Kerstein.   According to Plaintiff, he filed a grievance against Defendant Kerstein when Plaintiff was serving time for an earlier sentence.   The more time that passes between the protected activity and the retaliatory conduct, the inference of retaliation becomes weaker.   Tyler v. Univ. of Arkansas Bd. of Trs., 628 F.3d 980, 986 (8th Cir. 2011).   "The inference vanishes altogether when the time gap between the protected activity and the adverse . . . action is measured in months."   Id. (and cases cited therein).   Here, Plaintiff says

3

he filed his earlier grievance years before.   Plaintiff's allegations against Defendant Kerstein are too remote to state a claim.

Plaintiff claims all other Defendants who worked at the Grimes Unit had access to his medical records and grievances and as a form of retaliation denied him medical care.   (Doc. No. 2 at 6).   What Plaintiff has alleged is not enough to establish retaliatory animus.   Antonelli v. Tipton, Case No. 08-3123, 2009 WL 4825169 at *904 (8th Cir. Dec. 16 2009) (per curiam) (plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances.").   Nothing in Plaintiff's Compliant indicates any reason for retaliatory animus on the part Defendants Delgoto, Howard, Teague, or Jackson—it is not clear why any of these Defendants would be antagonistic towards Plaintiff for a grievance filed years earlier against Defendant Kerstein.   See Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996). See also Bitzan v. Bartruff, 916 F.3d 716, 717 (8th Cir. 2019) (affirming summary judgment where plaintiff did not allege facts connecting defendants to the challenged actions).

The Court also notes that Plaintiff made allegations against "Defendants" as a group.   The Court cannot determine each individual's actions when allegations are made against a group of people.   And liability under § 1983 is based on individual actions.

Further, Plaintiff acknowledges he refused to see Defendant Kerstein.   Gibson v. Weber, 433 F.3d 642, 646 (8th Cir. 2006).   (prisoner's "decision to decline medical treatment" relevant); Long v. Nix, 86 F.3d 761, 765-66 (8th Cir.1996) (no deliberate indifference where prisoner refused medical care).   This acknowledgement appears fatal to Plaintiff's claims without something more.

4

Plaintiff alleged Wellpath CEO Ben Slocum directed Defendants "to take away much stuff to inmates" as a means to save the company money. (Doc. No. 2 at 7). These allegations are conclusory.

Additionally, Plaintiff says he told "the Grimes Unit Administrator," "DON," and CNA that he wanted to be seen by a different doctor, to no avail. (Id.). Without a basis for retaliation, this claim also fails. The Court also notes that it is not entirely clear who these individuals are because Plaintiff did not refer to them by name.

Plaintiff will be given the chance to submit an Amended Complaint to cure the defects in his pleading.

### D.    Superseding Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his Complaint without legal effect.[1] Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name as a Defendant each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible;   3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities;**

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

**4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I may recommend that his Complaint be dismissed.   See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

## IV.   Conclusion

IT IS, THEREFORE, ORDERED that:

1.     If Plaintiff wishes to submit a Second Amended Complaint for the Court's review, he must file the Second Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order.   If Plaintiff does not submit an Amended Complaint, I may recommend that his Amended Complaint be dismissed.  See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

2.     The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 11th day of February, 2026.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

6